**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL DOCKET NO. 5:08-CR-12**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| ANTONIO TREMAYNE WILSON, | ) |

**BEFORE THE COURT** is Antonio Wilson's "Motion for Early Termination of Probation." (Doc. 157). Wilson bring his motion pursuant to 18 U.S.C. § 3583(e)(1). Wilson filed the instant motion *pro se*. The Court ordered the government to respond to this motion. In response, counsel for the government notes that he consulted with the supervising U.S. Probation Officer. After this consultation, the government has elected not to oppose the motion.

18 U.S.C. 3583(e)(1) states that

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(7) –
>
> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

"[A] court may terminate a term of supervised release under this section as long as the defendant has served at least one year of supervised release and the court considers the relevant

1

section 3553(a) sentencing factors" which are largely the same as the factors considered by the original sentencing court. *Folks v. U.S.*, 733 F. Supp. 2d 649, 650 (M.D.N.C. 2010).[1]

Defendant is on supervised release resulting from one conviction. Defendant pled guilty to conspiracy to possess with intent to distribute cocaine. (Doc. 122). Defendant was committed to the custody of the United States Bureau of Prisons for a term of fifty-five months. *Id.* Upon release from imprisonment, Defendant was to be on supervised release for a five year term. *Id.*

Upon release, Defendant represents that he has remained employed by Brand Energy Solutions. He states that, through hard work, he was promoted to safety manager. He claims that the management position has allowed him to become very useful to his employer. In fact, his utility was recognized in a subsequent promotion to area manager. He states that his new duties require a TWIC card and that his current status on supervised release has created complications in obtaining said card. He asserts that, while on supervised release, he has not been in any trouble, failed a drug test, or missed any appointments. He asks that the Court to terminate his supervised release in order to allow him to "continue on the path that I am on and move forward as a productive citizen and employee." (Doc. 157).

Having considered all the factors, the Court finds that Wilson has provided a sound basis for the Court to exercise its discretion to terminate his supervised release.

"One of the purposes of supervised release is to provide rehabilitation and oversight of the offender to deter their return to crime." *Folks*, 733 F. Supp. 2d at 652. Complying with the terms of supervised release is exactly what is expected of a person and, by itself, does not

---

[1] These factors are (1) "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1); (2) "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct," § 3553(a)(2)(B); (3) "the need for the sentence imposed . . . to protect the public from further crimes of the defendant," § 3553(a)(2)(C); (4) "the need for the sentence imposed . . . to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, § 3553(a)(2)(D); (4) the sentence imposed, § 3553(a)(4); (5) any pertinent policy statements, § 3553(a)(5); and (6) "the need to provide restitution to any victims of the offense," § 3553(a)(7).

warrant early termination. *Id.* If that were so, "the exception would swallow the rule." *United States v. Christy*, No. 5:89-CR-9-1F, 2012 WL 441445, at *1 (E.D.N.C. Feb. 10, 2012) (quoting *United States v. McKay*, 352 F. Supp. 2d. 359, 361 (E.D.N.Y.)). "Ultimately, the decision whether to terminate a term of supervised release is within the court's discretion." *Id.* (citing *United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999)).

Wilson has complied with all terms of his supervised release. Upon release, Wilson has secured a job and received two promotions. Continued success in his chosen field appears to be contingent upon the ability to obtain the TWIC card. The Court finds that the nature of the offense, drug trafficking, is serious. The characteristics of the defendant have changed since the original date of sentencing, however. Defendant has served over eighty-percent of his supervised release term. Defendant's conduct during this time shows that deterrence has been accomplished. Again, Defendant's conduct since his release does not provide a basis for finding that the public is threatened or that continuation of supervised release would assist in his integration into society. Therefore, the Court finds that the interests of justice would be served by allowing early termination in this instance.

**IT IS, THEREFORE, ORDERED THAT** the Motion be **GRANTED** and Defendant Antonio Tremayne Wilson's term of supervised release is hereby **TERMINATED.**

Signed: April 29, 2016

Richard L. Voorhees
United States District Judge